Okey, J.
Road cases, as a class, are attended with difficulty. The statutes relating to roads are and have been for years in much confusion, and the records in road eases are nearly always informal. Courts, in general, have with propriety confined themselves strictly to the decision of the particular questions involved. Nevertheless, certain principles have been recognized in the cases, by the application of which, when the facts and statutory provisions applicable thereto have been clearly ascertained, controversies of this sort may be determined as readily as others.
Brought together from the various places in v7hich they are found, the statutory provisions applicable to this case, *624 so far as it is now necessary to state them, are, iu substance, as follows:
If a person, for the convenience of himself and his neighbors, wishes to have a township road laid out from one public road to intersect another, he may petition the trustees of the township therefor, after giving thirty days’ previous notice, by advertisements posted up at three jDublic places witbin the townshij), setting forth the time when the petition will be presented, and the place of beginning, intermediate points, if any, and the place of termination of the road. (74 Ohio L. 84; S. & S. 692.)
The petition must be read in open meeting of the trustees, and if they are satisfied that the notice has been given, they will cause the petitioner to give bond for the payment of the costs and expenses of the view and survey; and, if satisfied that the proposed road is necessary, they shall'appoint, besides a surveyor, three judicious, disinterested landholders of the township, who shall constitute a jury. The persons so appointed shall be sworn to faithfully and impartially discharge the duties of their appointments, and shall take to their assistance two chain-carriers and a marker, view the ground, and locate the road as near the line proposed as a good road can be -had at reasonable expense. They are required, furthermore, to determine the compensation to be paid in money for the property sought to be appropriated, without deduction for benefit to any property of the owner; and they are also required to assess and determine how much less valuable, if any, the land or premises from which such appropriation may be taken, will be rendered by the opening and construction of the road. (2 S. & C. 1296; 69 Ohio L. 187; 66 Ohio L. 68.)
The viewers are required to report in writing. If they report in favor of the establishment of the road, they must state its width, which must be not less than sixteen nor more than sixty feet. They must also report the damages, if any, assessed to each person through whose land the road is proposed to be established. The report, with a plat of the road, must be deposited with the township clerk, *625 and the trustees, at their next meeting, must cause the report to be read. If it appear that the report is favorable to the establishment of the road; that to establish it is reasonable and just; and that the damages, if any have been claimed and assessed, have been paid by the petitioner or petitioners, the clerk of the township, by direction of the trustees, must enter the report on record, and the trustees shall issue their order to the petitioner or petitioners to open the road, and it shall then be considered a private or township road.' Where the road is not less than thirty feet in width, commences in a state, turnpike, township, or county road, and intersects another state, turnpike, county, or' township road, it must be kept open and in repair by the' supervisor in whose district it is situated, and the cost of the view and survey must be paid out of the township treasury. (73 Ohio L. 21.)
.Each claimant of damages, on account of the establishment of such road, may appeal to the probate court from; the refusal of the viewers to award him damages. Upo» such appeal, the probate court is confined to the question; of damages, and, for its determination, causes a jury of twelve men to be selected, and a trial to be had. (68 Ohio L. 111, 112; 2 S. & C. 1301, 1302, secs. 59, 60.)
Other provisions, by a fair construction of the act of 1853; (2 S. & C. 1289; S. & S. 690), apply to township roads.. The-first section provides that “ all county and township roads-shall hereafter be laid out and established agreeably- tO'the provisions of this act.” Then the provisions of the first' twenty-nine sections apply mainly to the state and county roads, and the remaining sections apply chiefly to-township roads. But several provisions in the part applicableto>state- and county roads,'are made applicable, by special:reference, to township roads, and the same thing is effected as to some other provisions by general reference. Thus,.in the second1 section, relating to township roads (2 S. & C. 1296, sec. 31),. it is provided that the trustees must be “ 'satisfied that proper notice has been given as aforesaid” This might be thought *626 to refer to the notice which in the preceding section (now amended) is required to be posted in three public places in the township ; but notice to the property-owners, which is more important, is required in that part of the act relating to state and county roads (2 S. & C. 1291, sec. 5; 69 Ohio L. 186), and it seems that provision is, by the clause quoted from sec. 31, in connection with other provisions, made applicable to township roads. So, that portion of the act which relates to township roads, contains no provision that an application for damages, containing a description of the premises, shall be filed with the viewers. Section 6, which requires such written application, is in that part of the act relating to state and county roads. (2 S. & C. 1291; 69 Ohio L. 187.) But section 32 (2 S. & C. 1297), which has been amended (69 Ohio L. 187), provides that the trustees can not establish the road until they are “ satisfied that the damages, if any have been claimed and assessed, have been paid or secured to be paid.” How claimed ? The answer seems to be found in section 6, for it is not elsewhere provided in the act how the claim must be made. Nor is there any reason why the mode of asserting such claim should not be uniform.
The objection is urged that the general language in the record, with respect to the notices, is insufficient. It is said that the record should show that the notices were such as the law requires. But the statement in the record, which is substantially set forth in the statement of the case, seems to be entirely sufficient. .The objection, moreover, could not be made in this collateral way. McClelland v. Miller, 28 Ohio St. 288.
The plaintiffs insist that it was a violation of the constitution, art. 1, sec. 19, to deny them compensation, for the reason that they had failed to describe their lands in the applications for compensation. If I have correctly construed the statutory provisions, and on this subject I speak for myself alone, there was no error in the proceedings of' the viewers in that respect. Reckner v. Warner, 22 Ohio St. 275. But we all agree that if section 6 of the road *627 law, already referred to, has no application to township ro'ads, the same result will follow. The plaintiffs did make application to the viewers for damages, and the viewers denied their application. If the reason for- denying the application was bad, it was nevertheless a denial; and, as we have seen, the plaintiffs had the right of appeal. The language is explicit: A “ claimant of damages on account of the establishment . . . of a . . . township road, . . . may appeal to the probate court from the . . . refusal of the viewers to award damages to him.” 68 Ohio L. 111. And this right exists, it seems,for twenty days after the refusal. 2 S. & C. 1301, secs. (59) and (60).
In Reckner v. Warner, supra, it -was held that if the claimant of damages in such a case can, by appealing, obtain the assessment of such damages by a jury of twelve men, the assessment or denial of damages in the first instance by viewers is not in violation of the above mentioned-provision of the constitution, and the proceedings will not be restrained. For a stronger reason, where the regularity of the proceedings' is the ground of objection, the claimants will not be permitted to resort to the remedy of injunction, but will be confined to his appeal, or, if the proceedings are so erroneous as to be reversible, to his petition in error’. Ib.; McClelland v. Miller, supra; High on Injunctions, secs. 30, 129, 131; unless, indeed, special circumstances of fraud, accident, mistake, or the like, are shown ; and nothing of the sort appears or is averred.
Other objections to the record are, that it does not show, as the statute requires, that the petitioners gave bond ; and that, while it is stated the viewers were residents of the county, it does not show, what the statute also requires, that they were residents of the township. But these matters are not required to be stated in the record. Consistently with the record and averments, the statute in both particulars was 'complied with ; and admitting that here was ground of error (though I believe there is no substantial defect in the proceedings), the objections, as will appear *628 by the above cases, are of no avail when presented iu this form.
Upon the whole, it seems to us- perfectly clear that the judgment of the district court was right.

Motion overruled.